### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BURLINGTON FORTY-NINERS, INC.,<br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil No.
12-11320-NMG

### MEMORANDUM AND ORDER

**GORTON, J.**

Plaintiff corporation obtained tax-exempt status nearly five years after its representatives paid a tax on the sale of real property that plaintiff now claims was improperly assessed by the Internal Revenue Service ("the IRS"). Because plaintiff failed, in a timely fashion, to file written notice of its intent to claim a refund the Court concludes that plaintiff's claim is time-barred and should be dismissed.

### I.  **Background**

Plaintiff Burlington Forty-Niners, Inc. is a Massachusetts corporation organized in 1961. Its one-count Complaint seeks recovery of taxes assessed as a result of the sale of its real property in February, 2004. Plaintiff realized a taxable gain on that sale of $1,108,811 and paid a tax of $255,263 with its 2004 tax return filed on March 15, 2005.

On August 22, 2008, plaintiff applied for tax-exempt status

-1-

as a social club under 26 U.S.C. § 501(c)(7). The IRS granted plaintiff's application on February 5, 2009 and purportedly made that status retroactive from its incorporation.

Prior to paying the disputed tax, an officer of plaintiff had telephone conversations with IRS employees in March, 2004 concerning the procedure to follow to acquire tax-exempt status. He also met with IRS officers in person in Boston, Massachusetts in July, 2005 regarding the same subject matter. At that in-person meeting, plaintiff's representative observed an IRS employee typing notes into his computer which plaintiff avers constitutes a record of their conversation.

On November 3, 2009 plaintiff filed an amended corporate income tax return claiming an overpayment of taxes in the amount of $260,957 with respect to its sale of real property in February, 2004. The IRS disallowed plaintiff's claim in July, 2010 and denied plaintiff's appeal of that disallowance in October, 2011.

## II. **Procedural History**

Plaintiff instituted this action seeking to recover the allegedly improper tax on July 19, 2012. The government moved to dismiss for lack of jurisdiction and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on September 14, 2012. The Court heard argument on defendant's motion on November 18, 2012 and took the matter under advisement.

-2-

## III. **Analysis**

Defendant argues that this Court lacks subject matter
jurisdiction over plaintiff's claim and must dismiss it because
the government has not waived its sovereign immunity and
consented to be sued in federal court over refund claims that are
time-barred.  Plaintiff admits that it did not file a formal
claim for a refund until more than four years after filing its
return but contends that it has, nevertheless, brought suit
within the statute of limitations period because its March, 2004
telephone conversation and July, 2005 in-person meeting with IRS
representatives constitute the making of an "informal" claim
within the statute of limitations period.

### A.   **Legal Standard**

When examining a motion to dismiss this Court must, as
usual, determine whether the complaint contains "sufficient
factual matter" to state a claim for relief that is actionable as
a matter of law and "plausible on its face." Ashcroft v. Iqbal,
129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly,
550 U.S. 544, 570 (2007)).

A taxpayer must file a claim for a refund within three years
of the time the return was filed or within two years from the
time that the tax was paid. 26 U.S.C. § 6511(a).  If a taxpayer
fails to file a timely administrative claim, the court lacks
jurisdiction over a subsequent refund suit. Dickow v. United

<u>States</u>, 654 F.3d 144, 149 (1st Cir. 2011).

An "informal" claim for refund may toll the statute of limitations if it puts the Commissioner of the IRS on notice of the nature of the taxpayer's claim. <u>See</u> <u>United States</u> v. <u>Kales</u>, 314 U.S. 186, 194 (1941). The First Circuit Court of Appeals has not specifically defined what is required to state a valid informal claim and the parties dispute how this Court should define the doctrine. <u>See</u> <u>Clement</u> v. <u>United States</u>, 472 F.2d 776, 779-80 (1st Cir. 1973) (acknowledging informal claim doctrine without defining same).

While other circuits are split on the question, the weight of authority requires informal claims to have some written component. <u>See</u> <u>Kaffenberger</u> v. <u>United States</u>, 314 F.3d 944, 955 (8th Cir. 2003) (requiring a written component); <u>Salah</u> v. <u>United States</u>, 11 Fed. Appx. 603, 606 (7th Cir. 2001) (same); <u>PALA, Inc. Empl. Profit Sharing Plan and Trust Agreement</u> v. <u>United States</u>, 234 F.3d 873, 877 (5th Cir. 2000) (same); <u>Mills</u> v. <u>United States</u>, 890 F.2d 1133, 1135 (11th Cir. 1989) (same). There is a further split among the authority as to whether the written component of the informal claim must be produced by the taxpayer or if it may also consist of documentation of the claim created by the IRS. <u>Compare</u> <u>New England Elec. Sys.</u> v. <u>United States</u>, 32 Fed. Cl. 636, 643-44 (1995) (finding writing prepared by IRS provides sufficient notice to future IRS personnel to constitute informal

claim), with Miller v. United States, 949 F.2d 708, 711 (4th Cir.
1991) (finding taxpayer must have presented written notice to the
IRS to rely on informal claim doctrine); see also Knox v. United
States, Civ. No. 92-11889, 1993 WL 291769, at *2 (D. Mass. July
9, 1993) (citing Miller and requiring taxpayer to have presented
written notice).

This Court is persuaded by another Session of this Court
that an informal claim must have a written component and that
such written component must have been prepared by the taxpayer.
The rule ensures that the informal claim will "apprise the [IRS]
that a tax refund is sought" and enable the IRS "to make a
reasonable examination of the dispute." Knox, 1993 WL 291769, at
*2.

The requirement of a writing also properly puts the onus on
the taxpayer seeking a refund to document his claim which he can
accomplish by simply sending a letter with the pertinent
information to the IRS. A contrary finding would threaten to
undermine the three-year statute of limitations applicable to
refund claims and the policy of repose that animates it. By
their very nature, informal claims extend the tolling period for
a formal claim to be filed. Permitting the submission of such
informal claims based upon imprecise conversations would result
in the proliferation of tenuous and indefinite claims. The
judicially constructed informal claim doctrine ought not extend

that far, especially where the plain language of 26 U.S.C. §
6511(a) requires "formal" claims to be filed within three years
from the time that the return was filed.

**B.   Application**

The Court's restrictive interpretation of the informal claim
doctrine is dispositive of the case.  At most, plaintiff alleges
a good-faith belief that IRS personnel created a record of an in-
person meeting at the IRS office in Boston during the July, 2005.
Assuming its allegations are true, plaintiff has provided no
written notice of its claim to the IRS within the limitations
period nor enabled the IRS to make a "reasonable examination of
the dispute."  The latter is particularly true where, as here,
plaintiff's basis for the claimed refund (its redesignation as a
tax-exempt social club) did not occur until nearly four years
after the purported informal claim.

Plaintiff's allegations do not, even if proved, constitute
an informal claim.  As a result, plaintiff has failed to file a
timely administrative claim and defendant has not waived its
sovereign immunity against suit.  Defendant's motion to dismiss
will be allowed.

**ORDER**

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 4) is **ALLOWED** and plaintiff's complaint is **DISMISSED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated December 28, 2012

-7-